UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:13-CR-161-TAV-HBG-17 |
| ANAEL ANARIBA, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court on the defendant's pro se motion for return of property [Doc. 828]. Defendant moves the Court for return of his wallet, identification and driver's license from Honduras, and $711 in United States currency [*Id*.].

The government first responded stating that the currency is no longer in the custody and control of the United States, since it was forfeited by the State of Tennessee pursuant to an Order of Forfeiture on May 30, 2014 [Doc. 851 p. 4]. The government then filed a supplemental response stating that the evidence log never contained a wallet belonging to defendant and that the identification and driver's license from Honduras were not part of the property seized in this case [Doc. 1093]. The only wallets in this case belonged to co-defendants and were released [Doc. 1093-1]. The Court has reviewed the evidence log and agrees with the government that no such documents or items are in federal custody.

Rule 41(g), formerly Rule 41(e), of the Federal Rules of Criminal Procedure provides, in pertinent part, that "[a] person aggrieved by an unlawful search and seizure of property . . . may move for the property's return . . . in the district where the property was

seized." The Rule also states that "[t]he court must receive evidence on any factual issue necessary to decide the motion." "'The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated.'" *Savoy v. United States*, 604 F.3d 929, 932 (6th Cir. 2010) (quoting United States v. Hess, 982 F.2d 181, 186 (6th Cir.1992)). "[T]he burden is on the moving party to show that he or she is entitled to lawful possession of the property." 3A Charles Allen Wright & Sarah N. Welling, *Federal Practice and Procedure* § 690 (4th ed. 2010); see also *Savoy*, 604 F.3d at 932-33. The movant must demonstrate that he or she is entitled to the property by a preponderance of the evidence. Wright & Welling, § 690.

However, the government is no longer in possession of any of the property defendant seeks. The motion for return of property [Doc. 828] is therefore **DENIED**. *See Stevens*, 500 F.3d at 628 (finding that a Rule 41(g) motion must be denied where the property was no longer in the government's possession and requiring documentation or evidence of such); *see also United States v. Obi*, 100 F. App'x 498, 499 (6th Cir. 2004) (affirming the denial of a motion for return of property because Obi failed to establish that the federal government had "real or constructive possession of the property" at issue); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003).

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE